Although I concur with the majority's decision to affirm the trial court's judgment, I write separately because I disagree with the majority's analysis.
The majority finds that appellant consented to the officer's entrance to his home. The majority further states, "It is undisputed that the officer went to appellant's residence to investigate a parking complaint. The intent of the officer was thus not to conduct a search, but merely question appellant." I disagree with these findings. Although it is true that the officer originally went to appellant's home to investigate a parking complaint, while waiting outside the home, the officer came to believe that a serious crime was being committed within the home.
The officer knocked on the door of appellant's home and waited about three or four minutes before appellant opened the door. Once appellant answered the door, he stepped out on the porch with the officer and quickly closed the door behind him. Then the officer told appellant that he could smell marijuana. The officer called another unit for back-up assistance. The officer told appellant either "we need to go back in the kitchen" or "let's go back in the kitchen." Appellant "squeaked out okay" and opened the door to the kitchen so that the officer could enter. The officer's statement is not in the nature of a request for conduct but an order for compliance. Moreover, the trial court made the factual findings that the officer told appellant that he smelled marijuana and called for back-up before entering. The officer did not call for back-up because he was entering the home for the purpose of discussing a parking complaint; rather, the officer called for back-up because he intended to conduct a search of the premises for illegal contraband.
The state's burden to prove consent to a search "cannot be discharged by showing no more than an acquiescence to a claim of lawful authority." Bumper v. North Carolina (1968), 391 U.S. 543,548-549, 88 S.Ct. 1788, 1792. A review of the facts of this case shows that the state failed to demonstrate by clear and convincing evidence that appellant's consent to the entrance to his home was freely and voluntarily given and not the result of express or implied coercion. The officer's actions demonstrate that he intended to search the home upon his entrance. The state did not show that appellant's action was anything more than a reluctant acquiescence to the officer's command. Therefore, I find that appellant did not consent to the officer's entrance and search.
However, I believe that the officer's entry and subsequent search was justified under the theory of exigent circumstances. The Fourth Amendment to the United States Constitution as well as Section 14, Article I of the Ohio Constitution provides that persons have the right to be free from unreasonable searches and seizures and requires warrants to be particular and supported by probable cause. A warrantless search or seizure effected on premises in which an individual has a reasonable expectation of privacy is per se unreasonable unless it falls within one of the recognized exception to the warrant requirement. Payton v. NewYork (1980), 445 U.S. 573, 586-87, 100 S.Ct. 1371, 1380. One of the exceptions that will allow a deviation from the warrant requirement is exigent circumstances. Welsh v. Wisconsin (1984),466 U.S. 740, 749, 104 S.Ct. 2091, 2097, citing Payton at 583-90,100 S.Ct. at 1378-82. Exigent circumstances exist where there is imminent destruction of evidence. Welsh at 750,104 S.Ct. at 2098. The exigent circumstances exception has been generally limited to the investigation of felony offenses. Welsh at 753-54,104 S.Ct. at 2099-2100.
The officer gave the following testimony at the motion to suppress hearing:
 [A]s I was walking across the lawn there, I saw a white female in the face spread the curtains apart and look at me. All of a sudden the curtains came shut and I could see everybody inside the kitchen basically run like cockroaches. All doing like that and trying to run out of the kitchen.
The officer saw "at least six to eight [people] if not more than that" in the house. He further testified:
 [W]hen I walked up to the house, when I smelled the marijuana come out of the house, found no windows being opened, no doors being opened like that, seeing all the people running out of the kitchen area like that, I knew exactly what was going on. When I saw Mr. Jared there walk out the door, slam the door very quickly behind me and look down being very nervous and everything like that, I told him who I was, what I was here for, the smell of marijuana, I said we need to go back inside this house. * * * I followed him into the kitchen area. I did not have time to freeze everybody right there and go get a warrant * * * because I knew what was going on in the three or four minutes before he even come [sic] to the door. I knew exactly what was going on.
When questioned what he believed was happening in the house, the officer testified, "I knew they was [sic] either flushing the drugs or taking them out the front door."
From the testimony above, it is clear that the officer knocked on the door to appellant's home for about three to four minutes, and observed people in the kitchen running around "like cockroaches." During this time, the officer smelled a "very strong" odor of marijuana. When appellant finally opened the door to the officer, he quickly closed the door behind him, indicating that he did not want the officer to go inside the home. Under these particular circumstances, the officer had probable cause to believe that the home's occupants were engaged in drug abuse, and, once aware of police presence, were destroying the evidence that could be used against them in drug charges.[1] When the officer finally entered the home, he discovered only a small quantity of marijuana and drug paraphernalia.
I find that the officer's warrantless entry was justified by exigent circumstances. Therefore, appellant's motion to suppress was properly overruled.
[1] Pursuant to R.C. 2921.12, the offense of tampering with evidence is a felony of the third degree and is defined in relevant part as follows:
 (A) No person, knowing that an official proceeding or investigation is in progress, or is about to be or likely to be instituted, shall do any of the following:
 (1) Alter, destroy, conceal, or remove any record, document, or thing, with purpose to impair its value or availability as evidence in such proceeding or investigation[.]